*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JANETTE E. ROBBINS,

        Plaintiff-Appellee,

v

STEPHEN L. ROBBINS,

        Defendant-Appellant.

UNPUBLISHED
July 20, 2026
10:53 AM

No. 371493
St. Clair Circuit Court
LC No. 2005-002652-DM

Before: MALDONADO, P.J., and RIORDAN and YOUNG, JJ.

PER CURIAM.

Defendant appeals by leave granted[1] the trial court's order granting in part plaintiff's "motion for relief from, enforcement of, and clarification of the judgment of divorce," in which the trial court ordered defendant to transfer ownership of his children's life insurance policies to the children. We vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The underlying facts of this case stem from defendant and plaintiff's contentious divorce. The parties were married in 1995 and had two children together, Mark and Katelyn. Plaintiff also had another child, Heather, who was defendant's stepdaughter. Before the marriage, and throughout its course, defendant worked as an insurance agent for State Farm and plaintiff worked as a teacher. Relevant to the issues on appeal, defendant purchased and owned whole life insurance policies on himself, plaintiff, Mark, Katelyn, and Heather.

Plaintiff filed for divorce in 2005, and the trial court entered the judgment of divorce on March 27, 2008. As to the insurance policies, the judgment of divorce provided as follows:

---

[1] *Robbins v Robbins*, unpublished order of the Court of Appeals, entered April 9, 2025 (Docket No. 371493).

20. The [plaintiff] is awarded her State Farm life insurance policies.

21. The [defendant] is awarded his State Farm life insurance policies and his John Hancock life insurance policies.

22. The [plaintiff] is awarded ownership of the State Farm life insurance policies on Heather's life.

23. The [plaintiff] and [defendant] are awarded joint ownership of the State Farm life insurance policies on the lives of Mark and Katelyn.

On June 24, 2021, plaintiff filed a "motion for relief from, enforcement of, and clarification of" the judgment of divorce, alleging that defendant had engaged in fraud and misrepresentation. Among a wide variety of claims, plaintiff alleged that defendant had taken cash value from Heather's life insurance policy and failed to make plaintiff joint owner of Mark and Katelyn's insurance policies as required by the judgment of divorce. Given this failure, plaintiff argued for an evidentiary hearing, to hold defendant in contempt of court and to enjoin defendant from making any increases, decreases, withdrawals, or any other changes to the disputed insurance policies. Defendant argued that the motion should be denied because plaintiff's claims of fraud were false, frivolous, and untimely. With regard to the ownership of the insurance policies, defendant asserted that he owned Mark and Katelyn's policies.

The trial court held an evidentiary hearing in July 2021. The trial court heard testimony from the parties, their children, plaintiff's State Farm Agent, and a licensed life insurance agent. Defendant testified that when he reached out to State Farm about changing ownership of the policies, he had been informed that the policies could not be jointly owned. Instead of making plaintiff a joint owner, defendant made plaintiff the "successor" owner of Mark's and Katelyn's policies. If something happened to defendant, plaintiff would become the owner of the policies.

At the conclusion of the hearing, plaintiff asked that the trial court order that the life insurance policies be turned over to Mark and Katelyn. Defendant argued that the motion should be denied, noting that plaintiff's claims of fraud were subject to a one-year statute of limitations and that her motion was brought "13-years too late." After the parties' arguments, the trial court explained that its understanding at the time the judgment of divorce was entered was that Mark and Katelyn's policies were going to be maintained by the parties jointly and turned over to the children in the future. The trial court referred to the children as third party beneficiaries, as "it was obvious these policies were intended for these children." The trial court awarded the policies, or their current cash value, to the children. Specifically, defendant was to transfer ownership of the active life insurance policies to Mark and Katelyn and pay Mark, Katelyn, and Heather for their lapsed policies. Defendant moved for reconsideration, which was denied. He then filed a delayed application for leave, which this Court granted.

## II.  ANALYSIS

### A.  STATUTE OF LIMITATIONS

Defendant argues that the trial court erred in failing to dismiss plaintiff's claims because they were time-barred.  We disagree.

In the present case, plaintiff moved for "relief from, enforcement of, and clarification of the judgment of divorce."  Accordingly, there are multiple statutes and court rules that warrant discussion in determining whether plaintiff's motion was timely because plaintiff moved for both relief from the judgment and for enforcement of the judgment of divorce.[2]

"Absent disputed questions of fact, whether a cause of action is barred by a statute of limitations is a question of law that this Court . . . reviews de novo." *Citizens Ins Co v Scholz*, 268 Mich App 659, 662; 709 NW2d 164 (2005) (quotation marks, brackets, and citation omitted), superseded in part on other grounds by statute MCL 600.5805.  We also review de novo questions involving the interpretation and application of statutes, *Linden v Citizens Ins Co of America*, 308 Mich App 89, 91; 862 NW2d 438 (2014), as well as court rules.  *Moriarity v Shields*, 260 Mich App 566, 569; 678 NW2d 642 (2004).

Generally, statutes of limitations are set forth in Chapter 58 of the Revised Judicature Act, MCL 600.5801 *et seq*.  With regard to the enforcement of a judgment, MCL 600.5809 provides:

> (1) A person shall not bring or maintain an action to enforce a noncontractual money obligation unless, after the claim first accrued to the person or to someone through whom he or she claims, the person commences the action within the applicable period of time prescribed by this section.
>
> * * *
>
> (3) Except as provided in subsection (4),[3] *the period of limitations is 10 years for an action founded upon a judgment or decree rendered in a court of record of this state*, or in a court of record of the United States or of another state of the United States, from the time of the rendition of the judgment or decree. . . . Within the applicable period of limitations prescribed by this subsection, an action may be brought upon the judgment or decree for a new judgment or decree.  The new judgment or decree is subject to this subsection.  [Emphasis added.]

---

[2] "A court is not bound by what litigants choose to label their motions because this would exalt form over substance."  *Lieberman v Orr*, 319 Mich App 68, 77 n 4; 900 NW2d 130 (2017) (quotation marks and citation omitted).  "Rather, courts must consider the gravamen of the complaint or motion based on a reading of the document as a whole."  *Id*.

[3] Subsection (4) concerns actions to enforce orders for support under the Support and Parenting Time Enforcement Act, MCL 552.601 *et seq*.

Accordingly, "claims relating to a property settlement contained in a judgment of divorce, including claims relating to the disposition of real property, are subject to the 10-year period of limitations set forth in MCL 600.5809(3)." *O'Leary v O'Leary*, 321 Mich App 647, 653; 909 NW2d 518 (2017).

"The running of the statute of limitations is an affirmative defense." *Dell v Citizens Ins Co of America*, 312 Mich App 734, 752; 880 NW2d 280 (2015) (quotation marks, brackets, and citation omitted). Thus, "[i]t has long been the rule in Michigan that a defendant may waive a statute of limitations defense by failing to raise it in the trial court." *Walters v Nadell*, 481 Mich 377, 389; 751 NW2d 431 (2008). "Under the Michigan Court Rules, a defendant waives a statute of limitations defense by failing to raise it in his first responsive pleading." *Id.*; MCR 2.111(F)(3)(a). Merely enumerating a laundry list of affirmative defenses gives the plaintiff insufficient notice and does not preserve the defenses. *Glasker-Davis v Auvenshine*, 333 Mich App 222, 231-232; 964 NW2d 809 (2020). Moreover, failure to cite the appropriate statute may constitute waiver of the defense. See *Dell*, 312 Mich App at 753 (holding that the insurer's statement that the plaintiff's "recovery [was] limited to losses within one year prior to filing the complaint" did not preserve a statute of limitations defense under MCL 445.911(7).).

As plaintiff also moved for relief from judgment, we must also consider MCR 2.612(C). Under MCR 2.612(C)(1), grounds justifying relief from a final judgment include:

> (a) Mistake, inadvertence, surprise, or excusable neglect.
>
> (b) Newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under MCR 2.611(B).
>
> (c) Fraud (intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party.
>
> * * *
>
> (f) Any other reason justifying relief from the operation of the judgment.

A motion requesting relief from judgment "must be made within a reasonable time, and, for the grounds stated in subrules (C)(1)(a), (b), and (c), *within one year after the judgment*, order, or proceeding was entered or taken." MCR 2.612(C)(2) (emphasis added).

As noted above, plaintiff moved for both relief from judgment and enforcement of the judgment and defendant raised the issue of timeliness in his responsive pleading. In his response to plaintiff's motion, defendant did not cite MCR 2.612(C)(2), but he argued that a one-year statute of limitations had expired barring plaintiff's claims. Notably, in his motion for summary disposition, defendant explicitly stated that plaintiff's claims were barred by MCR 2.612(C)(2) and reiterated this argument at the hearing on the parties' motions for summary disposition and at the later evidentiary hearing. Defendant is correct that any claims of fraud and any requests for relief plaintiff made in light of those claims were subject to the one-year statute of limitations in MCR 2.612(C)(2), but plaintiff's allegation that defendant failed to make her joint owner of Mark and Katelyn's life insurance policies falls squarely within her motion to enforce the judgment.

Plaintiff's motion to enforce the judgment was subject to the 10-year statute of limitations in MCL 600.5809(3).

Although plaintiff brought her motion more than 10 years after the judgment was entered, we agree with the trial court that defendant waived the defense by failing to raise it in his responsive pleading. As the trial court explained, defendant did not raise a defense under MCL 600.5809(3) until his motion for reconsideration of the October 5, 2023 order, which was insufficient to preserve the defense. See MCR 2.111(F)(3)(a). On appeal, defendant discusses MCL 600.5809(3) but does not discuss whether he raised this defense in his first responsive pleading. Defendant also does not address the trial court's determination that he had waived the defense.

Accordingly, we agree that plaintiff's claims were untimely, however, reference to a one-year statute of limitations did not give plaintiff notice that defendant was raising a statute of limitations defense under MCL 600.5809(3). Therefore, the trial court did not err by considering plaintiff's motion to the extent it sought enforcement of the judgment.

## B. THIRD-PARTY BENEFICIARIES

Defendant argues that the trial court erred in granting the life insurance policies to Mark and Katelyn. We agree.

"A claim that the lower court lacks jurisdiction is a question of law, which this Court reviews de novo." *Reed v Reed*, 265 Mich App 131, 157; 693 NW2d 825 (2005). The trial court's factual findings are reviewed for clear error. *Hein v Hein*, 337 Mich App 109, 115; 972 NW2d 337 (2021). Findings are clearly erroneous if the reviewing court, considering all evidence, has a definite and firm conviction that a mistake was made. *Thames v Thames*, 191 Mich App 299, 301-302; 477 NW2d 496 (1991).

"[T]he jurisdiction of a divorce court is strictly statutory and limited to determining the rights and obligations between the husband and wife, to the exclusion of third parties . . . ." *Estes v Titus*, 481 Mich 573, 582-583; 751 NW2d 493 (2008) (quotation marks and citation omitted). "Absent allegations of fraud, the trial court in a divorce action may only adjudicate the rights of the spouses whose marriage is being dissolved." *Reed*, 265 Mich App at 157-158. Thus, in a divorce action, "the trial court lacks the authority to compel a party to convey property or a property interest to a third person, even a child of the parties, or to adjudicate claims of third parties." *Id*. at 158 (quotation marks and citation omitted).

However, although a trial court does not have the ability to compel the parties to a divorce to distribute property to third parties, it may enforce a property settlement agreement mutually agreed to by the parties. *Kasper v Metro Life Ins Co*, 412 Mich 232, 238; 313 NW2d 904 (1981). Such an agreement "may contain provisions which a court may not otherwise have the power to compel the parties to perform," including distribution of property to third parties. *Id*.

In the present case, the judgment of divorce stated that the parties were "awarded joint ownership of the State Farm life insurance policies on the lives of Mark and Katelyn." Based on the plain language, the trial court was not awarding the life insurance policies to third parties.

Rather, the trial court permissibly held that the life insurance policies were marital property that should be equally held by husband and wife. See *Estes*, 481 Mich at 582-583.

It is also clear that defendant did not comply with the judgment of divorce. Defendant made plaintiff a successor owner, which gave plaintiff no rights of ownership unless something happened to defendant. Defendant claimed that his insurer informed him that he could not make plaintiff a joint owner. Whether this is true was not determined in the lower court. Instead, the trial court ordered that defendant should transfer the policies to Katelyn and Mark because they were the intended beneficiaries of the policies. However, the trial court erred in doing so because it did not have jurisdiction to grant marital property to third parties. *Reed*, 265 Mich App at 158.

The trial court would only be permitted to enforce an agreement between the parties requiring distribution to the children as third parties that was incorporated into the judgment of divorce. But nothing in the lower court record indicates that such a property settlement agreement existed. Plaintiff argues that there was an "agreement" between the parties, but the record reflects that the parties did not agree as to when the children should be given their respective policies or if at all. Defendant testified that he may have intended to give the children ownership "eventually," but there was no certain age, and he also suggested that he was free to change his mind. Defendant also testified that he intended to transfer ownership of the policies when the children were married and had children. In contrast, plaintiff testified generally that the policies were intended to "be a gift to the kids," a means "to save for schooling for them," and meant simply to be available when the children became adults. On this record, there is not sufficient evidence of an agreement between the parties, let alone that such an agreement was incorporated into the judgment of divorce. It is notable that the parties did not sign the judgment of divorce to verify that it correctly incorporated all agreements. However, neither party contests the validity of the judgment and its plain language does not indicate the existence of any separate agreements.

Given the lack of a separate agreement related to the life insurance policies, the trial court exceeded its authority by ordering that defendant turn over the policies to the children and compensate them for any lapsed policies. Although a divorce case is equitable and the court possesses inherent authority to enforce its judgments, *Schaeffer v Schaeffer*, 106 Mich App 452, 457-458; 308 NW2d 226 (1981), the trial court went beyond enforcing its judgment.

## III. CONCLUSION

We affirm the trial court's determination that plaintiff's motion was not time barred because defendant waived a statute of limitations defense under MCL 600.5809(3), but we vacate the trial court's order to the extent it impermissibly awarded property to third parties. We remand to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Riordan
/s/ Adrienne N. Young

-6-